UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LAKE VIEW WEST CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>                        Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a Connecticut corporation, THE TRAVELERS COMPANIES, INC., a Minnesota corporation; THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut Corporation; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>                        Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Lake View West Condominium Association (the "Association") alleges as follows:

## I.       INTRODUCTION

1.1     This is an action for declaratory judgment (including money damages), breach of contract bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(A) A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Travelers Property Casualty Company of America, Travelers Property Casualty Insurance Company, The Travelers Companies, Inc., The Aetna Casualty and Surety Company, The Travelers Casualty and Surety Company, The Travelers Indemnity Company, and The Travelers Indemnity Company of America's (collectively "Travelers") policies issued to the Association. The Association is seeking a ruling that each of Travelers' policies provide coverage for hidden damage at the Lake View West condominium complex and that Travelers is liable for money damages for the cost of repairing hidden damage at the Lake View West condominium complex.

(B) Attorneys' fees (including expert witness fees) and costs.

(C) Money damages for the cost of repairing covered damage, breach of contract, bad faith, and violations of the CPA.

(D) Any other relief the Court deems just and equitable.

## II.    PARTIES AND INSURANCE CONTRACTS

2.1    <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in King County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Lake View West Condominium complex located at 1028 Lakeview Boulevard East, Seattle, WA 98102.  The Association consists of one five-story buildings comprised of 12 residential units.

2.2    <u>Travelers of America.</u> Travelers Property Casualty Company of America ("Travelers America") is domiciled in Connecticut with its principal place of business in Hartford, Connecticut.  On information and belief Travelers of America sold property insurance policies to the Association. The Association is seeking coverage under all Travelers of America policies. The Travelers of America policies identify the Lake View West Condominium complex as covered property.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2.3     <u>Travelers Property</u>. Travelers Property Casualty Insurance Company ("Travelers Property") is domiciled in Connecticut with its principal place of business in Hartford, Connecticut. On information and belief Travelers Property sold property insurance policies to the Association. The Association is seeking coverage under all Travelers Property policies. The Travelers Property policies identify the Lake View West Condominium complex as covered property.

2.4     <u>Travelers Companies.</u> The Travelers Companies, Inc. ("Travelers Companies") is domiciled in Minnesota with its principal place of business in New York, New York. Travelers Companies via its subsidiaries sold property insurance policies to the Association. The Association is seeking coverage under all Travelers Companies policies. The Travelers Companies policies identify the Lake View West Condominium complex as covered property.

2.5     <u>Aetna Casualty</u>. The Aetna Casualty and Surety Company ("Aetna Casualty") issued property policies to the Association. On information and belief Aetna Casualty is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. On information and belief Aetna Casualty sold property insurance policies to the Association. The Association is seeking coverage under all Aetna Casualty policies issued to the Association. The Aetna Casualty policies identify the Lake View West Condominium complex as covered property.

2.6     <u>Travelers Casualty</u>. Travelers Casualty and Surety Company ("Travelers Casualty") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. Travelers Casualty is the successor in interest to Aetna Casualty and is liable for all damages owed under the Aetna Casualty policy.

2.7     <u>Travelers Indemnity</u>. The Travelers Indemnity Company ("Travelers Indemnity") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. On information and belief Travelers Indemnity sold property insurance policies to the Association. The Association is seeking coverage under all Travelers Indemnity policies issued to the Association. The Travelers Indemnity policies identify the Lake View West Condominium complex as covered property.

2.8     Travelers Indemnity of America. The Travelers Indemnity Company of America ("Travelers Indemnity of America") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. On information and belief Travelers Indemnity of America sold property insurance policies to the Association. The Association is seeking coverage under all Travelers Indemnity of America policies issued to the Association. The Travelers Indemnity of America policies identify the Lake View West Condominium complex as covered property.

2.10    Travelers. Travelers America, Travelers Property, Travelers Companies, Aetna Casualty, Travelers Casualty, Travelers Indemnity and Travelers Indemnity of America are collectively referred to herein as "Travelers." Travelers issued insurance policies to the Association including but not limited to Policy No. I-680-925W336-2-TIA-01, I-680-925W336-2-TIA-00, I-680-925W336-2-TIA-99, I-680-925W336-2-TIA-98, I-680-925W336-2-TIA-97 and I-680-925W336-2-TIA-96. The Association is seeking coverage against all Travelers policies issued to the Association.

2.11    Doe Insurance Companies 1–10. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Lake View West condominium complex as covered property.

2.12    Lake View West Insurers. Travelers and Doe Insurance Companies 1–10 shall be collectively referred to as the "Lake View West Insurers."

2.13    Lake View West Policies. The policies issued to the Association by the Lake View West Insurers shall be collectively referred to as the "Lake View West Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Lake View West Insurers marketed and sold insurance to the Association in King County; a substantial part of the

events giving rise to the claim occurred in King County; and the insured condominium building is located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Lake View West Insurers.  On June 28, 2019, the Association tendered its claim to Travelers for hidden recently discovered at the Lake View West condominium complex.

4.4     Joint Intrusive Investigation.  The Association hired an investigative firm, Evolution Architects ("Evolution"), to investigate the extent of damage at the Lake View West condominium complex. Subsequent to the claims tender, Evolution in conjunction with Travelers' consultants performed a Joint Intrusive Investigation at the Lake View West condominium complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Lake View West condominium complex exceeds the jurisdictional limit of $75,000.

4.3     Travelers Denial. On July 19, 2021 Travelers unreasonably denied the Association's claim.

## V.     FIRST CLAIM AGAINST THE LAKE VIEW WEST INSURERS: DECLARATORY RELIEF THAT THE LAKE VIEW WEST POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A) The Lake View West Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Lake View West condominium complex.

(B) No exclusions, conditions, or limitations bar coverage under the Lake View West Policies.

(C) The loss or damage to Lake View West condominium complex was incremental and progressive. New damage commenced during each year of the Lake View West Policies.

(D) As a result, the Lake View West Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Lake View West condominium complex.

## VI. SECOND CLAIM: AGAINST TRAVELERS FOR BREACH OF CONTRACT

6.1 Incorporation. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2 Travelers has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Lake View West condominium complex.

6.3 Travelers breached its contractual duties by wrongfully denying coverage on July 19, 2021, and by failing to pay the cost of repairing the covered damage to the Lake View West condominium complex.

6.4 As a direct and proximate result of Travelers' breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5 Additional Damages. As a direct and proximate result of Travelers' breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## VII.   THIRD CLAIM: AGAINST TRAVELERS FOR INSURANCE BAD FAITH

7.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3   The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4   Travelers had a duty to investigate, evaluate, and decide the Association's claim in good faith. Travelers breached its duty by unreasonably investigating, evaluating, and/or denying the Association's claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Lake View West complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Travelers policy pursuant to the plain meaning of the terms. In addition, Travelers unreasonably delayed its investigation of the Association's claim, refused to provide copies of insurance policies to the Association despite the

Association's request, and unreasonably delayed in coming to a coverage determination. Travelers only issued a coverage determination after the Association accused Travelers of unreasonable delay in coming to a coverage position.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Travelers' conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which require Travelers to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language support a denial of the Association's claim.
- Which require Travelers to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Travelers' actions and omissions, including but not limited to its denial of coverage , were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Travelers' duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.    FOURTH CLAIM: AGAINST TRAVELERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Travelers was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Travelers violations, the Association has been damaged in an amount to be proven at trial. The

Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1  <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Lake View West Policies provide coverage as described herein.

9.2  <u>Money Damages.</u>  For money damages against each of the Lake View West Insurers for the cost of investigating and repairing hidden damage at the Lake View West condominium complex in an amount to be proven at trial, as well as money damages against Travelers for breach of the duty of good faith in an amount to be proven at trial.

9.3  <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4  <u>CPA Penalties.</u>  For CPA penalties against Travelers of up to $25,000 per violation.

9.5  <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 19th day of July, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***